EDWARDS, Judge.
Appellee sued to enjoin appellant from having appellee’s property seized and sold under executory process. After hearing on the rule of the matter, the trial court took the case under advisement. On June 10, 1975 the trial court rendered and signed judgment enjoining appellant, revoking the previously issued order of seizure and sale, and restoring to appellee the possession of her property. The appeal followed.
The threshold issue for our consideration is appellee’s contention that the appeal was not perfected timely and therefore should be dismissed.
The record reflects the following chronology of events:
(1) Judgment rendered and signed on June 10, 1975;
(2) Notice of judgment mailed to counsel by clerk on June 10, 1975;
(3) Motion for new trial filed by appellant on June 23, 1975;
(4) Petition and order for devolutive appeal filed on June 23, 1975;
(5) Appeal bond filed in blank (amount of bond left blank) on October 1, 1975;
(6) Motion for new trial denied on October 2, 1975;
(7) Appeal bond fixed at $250.00 on October 8, 1975.
The delay for applying for a new trial commences to run the day after the clerk has mailed notice of signing of judgment, La.Code Civ.P. art. 1913. Since notice was mailed on June 10, the last day for timely application for new trial was June 19. The application filed on June 23, 1975 was therefore untimely.
The delay for taking a devolutive appeal is fixed by La.Code Civ.P. art. 2087. The appeal must be taken and security therefor furnished within ninety days of the expira *509 tion of the delay for applying for a new trial where, as here, no application for a new trial is timely filed.
Even were we to consider the bond filed in blank on October 1, 1975 as legally sufficient security (which issue we pretermit ruling on as unnecessary), the appeal would still be untimely as the ninety day delay expired on September 17, 1975.
It is incumbent upon the appellant to ascertain the amount of the appeal bond and file timely his bond in that amount. His failure to do so deprives this Court of jurisdiction of the appeal. See Hunter v. Honoré, 217 So.2d 475 (La.App. 1st Cir. 1968).
APPEAL DISMISSED.