LAFAYETTE<br>v.<br>ORPHAN ASYL-<br>UM.

<em>Judgment affirmed.</em>

## BYRNE v. RIDDELL et al.

The surety in a bond given for an appeal taken after the lapse of ten days from the notification of judgment, will be bound, in case the appellant be cast, only for costs, though the bond was for an amount large enough for a suspensive appeal, and the surety bound himself, in case the appellant should be cast and fail to satisfy the judgment, "to satisfy whatever judgment may be rendered against him." C. P. 578. *Per Curiam:* The bond must be construed with reference to the articles of the Code of Practice applicable to the subject matter.

The "costs" for which the surety on a bond given for a devolutive appeal is bound, are the costs both of the lower court and those of the appeal.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Collens*, for the plaintiff. *Bartlette*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. A judgment was rendered in favor of the plaintiff against *Banks* by default, for the sum of $362 50 and costs. This judgment was duly notified to *Banks*, in December, 1845. In May, 1846, *Banks* presented a petition, in which he prayed for a suspensive appeal from the judgment. Upon this petition the court granted the following order: "Let an appeal be allowed in this case, returnable in the Supreme Court on the third monday of June, 1846, on the appellant's giving bond in the sum of $600, with *J. L. Riddell* as security, conditioned as the law directs." On the same day an appeal bond was filed, drawn in the usual form, for the sum of $600. The Supreme Court having rendered a judgment dismissing the appeal, a *fieri facias* was issued and returned "*nulla bona.*" A rule was then taken by the plaintiff upon *Riddell*, as surety in the appeal bond, to show cause why he should not be adjudged to pay the amount of the judgment and costs. To this rule *Riddell* answered that, the appeal of *Banks* was devolutive, and that his liability was only for the costs of the appeal. The court condemned the surety to pay the amount of the judgment and costs; and he has appealed.

Our first inquiry is, was the appeal suspensive or devolutive? If an appeal be taken within ten days after notification of judgment it shall stay execution, says the Code of Practice, provided the appellant give his bond, with a proper surety, for a sum exceeding by one-half the amount of the judgment, &c. But if the appeal have been taken after the ten days have expired, "*the appeal shall not stay the execution of the judgment.*" Such is the imperative language of art. 578. It will be observed that the order granted by the judge does not, in terms, say, a suspensive appeal was allowed. But suppose it had said so: It would have been in direct violation of the law, and being rendered *ex parte*, could not affect the plaintiff's right to execution, which was acquired by the expiration of the legal delay. It is therefore clear, that, the plaintiff could have executed the judgment after the appeal was granted. The appeal was merely devolutive. But the plaintiff contends, that she silently submitted to the order, as one granting a suspensive appeal; that she did not attempt to execute the

BYRNE
*v.*
RIDDELL.

judgment pending the appeal; and that *Banks* thus had the benefit of a suspensive appeal. But her construction could not change the legal effect of the order; and this too as against a surety, whose obligation is not to be extended. The question is, not what she supposed her rights to be, but what they really were. If she had issued a *fieri facias*, after this order of appeal was granted, could *Banks* have been permitted to enjoin upon the ground, that execution had been suspended ? We think not.

Considering the appeal devolutive, our next inquiry is, what is the extent of the surety's liability ? It is true that the amount of the bond was $600, an amount which more than covers the judgment and probably costs. It is also true, the condition of the bond was, " that the above bound *Banks* shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in the appeal; otherwise that the said *Riddell*, surety, shall be liable in his place." But the language and intention of the bond, must be construed with reference to the articles of the Code of Practice applicable to the subject matter. When the appeal is devolutive, the extent to which security is to be required is such a sum as the court may deem sufficient for the payment of costs. Costs are the measure of the indemnity to be provided for the appellee, and consequently of the surety's liability. C. P. 578.

The appellant contends that by " costs," is meant costs of the appeal. The language of the english text is ambiguous ; but this ambiguity may be aided by reference to the french text, which is clear—" pour sureté du paiement des frais, tant en première instance qu'en cas d'appel."

Judgment reversed ; and judgment is rendered in favor of plaintiff against *J. L. Riddell*, for the amount of the costs incurred in the prosecution of the suit of the plaintiff against *Banks*, in the District and in the Supreme Court, and the costs of the motion against the surety in the court below; for the ascertainment of which costs the cause is remanded. The plaintiff to pay the costs of this appeal.