STOULIG, Judge.
Plaintiff, Willswood Plantation, Inc. (Willswood), has appealed a judgment dismissing its rule to evict its tenant Clarence P. Foret from Mississippi River batture property for nonpayment of rent for the years 1974, 1975 and 1976.
Plaintiff’s right to possession — a simple issue — is made complex by the procedural imbroglio that developed from plaintiff’s initial attempt to eject this tenant. The first suit, filed February 18, 1975, resulted in a judgment that awarded Willswood past-due rentals of $29,100 and was silent as to its right to possession. From this judgment Foret obtained two orders for appeal, one suspensive and one devolutive. From the record it is apparent the suspensive appeal was never perfected timely; however, the devolutive appeal does remain.
Judgment denying Foret’s motion for a partial new trial was signed on May 11, 1977. The motion for suspensive appeal, filed June 24,1977,[1] was signed July 5,1977, and the required $44,000 appeal bond was not posted until July 26,1977. Construed in the light most favorable to Foret, he had 30 days from June 24, 1977 within which to post the suspensive appeal bond (C.C.P. art. 2123). Because July 24,1977 was a Sunday, under C.C.P. art. 5059 Foret had through Monday, July 25, 1977 to post the bond, which he did not do until the following day, July 26, 1977. Therefore the suspensive appeal was never perfected timely.
The motion for devolutive appeal was granted by the trial court July 7,1977. The $500 cost bond was filed July 11,1977 within the 60 days allowed for perfecting a devolutive appeal. (C.C.P. art. 2087).
After the trial court lost jurisdiction of this case, plaintiff filed, on September 1, 1977, another petition for possession of the premises in the same proceeding then pending on devolutive appeal. Defendant Foret then pleaded exceptions of lack of jurisdiction, no right of action, unauthorized use of summary proceeding and nonjoinder of a necessary party. The trial court rendered judgment maintaining the “exceptions”, without specifying which ones were maintained. The trial court had no jurisdiction to entertain any procedure in the matter reviewable on appeal having been divested thereof when the devolutive appeal was perfected within the delays allowed by law. C.C.P. art. 2088 provides the trial court loses jurisdiction over all matters in a case reviewable on appeal once the appeal is perfected.
Thus when the trial court adjudicated the exceptions filed in response to plaintiff’s second petition to evict in the same suit, it was only competent to pass on its lack of jurisdiction. C.C.P. art. 1 defines jurisdiction as a legal power of a court to determine an action involving the legal relations of the parties and to grant relief to which they are entitled. C.C.P. art. 3 stipulates jurisdiction cannot be conferred by consent and judgment rendered by a court lacking jurisdiction is void. As these articles apply to this case, we conclude that the only exception the trial court had power to entertain was that as to lack of jurisdiction.
This brings us to the petition for possession of the premises from which this appeal directly emanates. Plaintiff filed a new proceeding to have defendant evicted for 1974, 1975 and 1976 rents. Foret pleaded, inter alia, the exception of res judicata. Admittedly the rents have not been paid and once the first judgment became execu-tory the rents awarded Willswood on the first judgment were due. The judgment rendered in the petition for possession filed in the first suit after a devolutive appeal *609 was taken could not serve as a basis for res judicata because it was a nullity. The exception has no merit.
The lessor is permitted under C.C. art. 2712 to evict the lessee from the property if he fails to pay the rent when it becomes due. To exercise this right, the lessee is required by C.C.P. art. 4701 to send written notice to vacate to the lessee, allowing him five days from the date of delivery of the notice to return the premises.
We are satisfied that plaintiff has complied with the procedural requisites for eviction; therefore, we think the trial court erred in failing to order the eviction when the record clearly establishes that rentals for 1974, 1975 and 1976 were unpaid. For-et’s position rests primarily on the premise that a timely suspensive appeal was perfected from the first judgment. Having demonstrated there is only a viable devolu-tive appeal in the first case, we need not discuss the merits of the effects of a sus-pensive appeal. Foret’s failure to perfect the suspensive appeal timely obviates a discussion of what would have happened had the suspensive appeal been effected.
In the present case before us, demand for eviction was based upon the non-payment of 1974, 1975, 1976 and 1977 rents. Once the judgment became executory in the first case, it is beyond dispute that the 1974, 1975, and 1976 rents are unpaid and plaintiff is entitled to possession of his property.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that defendant, Clarence P. Foret, be ordered to vacate and to surrender to Willswood Plantation, Inc., possession of the premises.*
The lease of batture by the Estate of E. G. Robichaux to Clarence P. Foret dated March 4, 1971 is hereby cancelled. Defendant is to pay all costs of these proceedings.

REVERSED AND RENDERED.

REDMANN J., concurs with written reasons.
BEER, J., dissents with written reasons.

. The record is silent as to whether Foret was entitled to notice of the judgment of May 11, 1977 denying his motion for a partial new trial. However, his motion for a suspensive appeal, filed on June 24, 1977, confirms that at least by this time he had knowledge of the May 11, 1977 judgment.

 Editor’s Note: A sketch delineating the premises is attached to the original opinion but not to the copy for publication.