BARRY, Judge.
This is an appeal by a judgment creditor seeking to hold a surety liable on its suspen-sive appeal bond.
Willswood Plantation, Inc. (Willswood) filed suit against Clarence Foret for past due rents on a lease and judgment was rendered awarding plaintiff $29,100.00 plus interest and costs. The judgment was silent as to Willswood’s right to possession of the premises. Foret filed a motion for a new trial which was denied on May 11, 1977. Notice of the denial was mailed June 21, 1977 from which appellant had thirty days to appeal suspensively.
On June 24, 1977 Foret filed a motion for a suspensive appeal which was granted on July 5, 1977 subject to posting a $44,000.00 bond. The bond was issued by United States Fidelity and Guaranty Company (USF&G) on July 15, 1977 but not filed until July 26,1977. Under LSA-C.C.P. Art. 2123 the appeal was untimely as the thirty days allowed for perfecting a suspensive appeal had expired. Foret was granted a devolutive appeal on July 7, 1977 and on July 11, 1977 the devolutive appeal bond was timely filed.
During the pendency of the devolutive appeal Willswood filed a petition for possession of the premises in that same lower court proceeding. Foret pleaded an exception of res judicata as final judgment had been rendered, the exception was maintained, and Willswood appealed.
This Court held that the judgment sustaining the exception of res judicata on the petition for possession was a nullity since jurisdiction of the trial court had been divested because of the devolutive appeal. LSA-C.C.P. Art. 2088. The money judgment was affirmed and after it became executory the past due rents awarded Wills-wood were due and eviction was justified. Willswood Plantation, Inc. v. Foret, 370 So.2d 607 (La.App. 4th Cir. 1979). Judge Stoulig reasoned that the money judgment was executory because the suspensive appeal had never been perfected.
On September 5, 1979 Willswood filed suit to collect its judgment against USF&G as Foret’s suspensive appeal surety. This action was taken after plaintiff had issued a writ of fieri facias against Foret which was returned “nulla bona”.
*1391 The trial court held that USF&G was not liable because the suspensive appeal had not been perfected and therefore no liability existed. It is this judgment which Wills-wood now appeals.
Appellant does not contest the fact that the suspensive appeal bond was filed untimely and that the suspensive appeal was never perfected. However, appellant urges that a surety’s liability arises out of contract once the bond is issued even though the bond is not filed and there is no suspen-sive effect.
Appellant’s theory of contract requires that the judgment creditor be a third party beneficiary of the surety bond. This position would have merit if the suretyship obligation had been completed by the timely filing of the bond. However, in order for any benefit to flow in favor of the third party the creditor’s rights must have been in some way affected by perfecting the appeal.
Appellant cites jurisprudence holding a surety liable after an appeal is perfected but subsequently abandoned. That is not our situation. There is an obvious distinction between a suspensive appeal which is never perfected and one which is abandoned. If a suspensive appeal never became viable the effect of the judgment is not suspended and the judgment creditor is free to proceed with execution of the judgment; the obligation of the surety, which only comes into play with a suspension of the creditor’s rights, has not arisen. Once a suspensive appeal is perfected, execution of the judgment is suspended to the detriment of the creditor and thus creates an obligation of the surety under its bond. This is true even if the appeal is later abandoned. In our case the judgment was never suspended as noted in Willswood, supra.
In the early case of Byrne v. Riddell, 4 La.Ann. 3 (1849) an order was granted without designating whether the appeal was suspensive or devolutive. The creditor sought to collect the full judgment against the surety, but the court treated the appeal as devolutive and held the surety liable only for costs, even though the bond provided it would satisfy whatever judgment may be rendered against the debtor.
“The surety in a bond given for an appeal taken after the lapse of .. . [the delay for filing a suspensive appeal] will be bound, in case the appellant be cast, only for costs, though the bond was for an amount large enough for a suspensive appeal, and the surety bound himself, in case the appellant should be cast and fail to satisfy the judgment, ‘to satisfy whatever judgment may be rendered against him.’ ” Byrne, supra, at p. 3.
This reasoning was cited with approval in Ingargiola v. Capell, et al., 13 Orl.App. 321 (La.App.1916).
Another early case resolved a similar situation where there was no valid order of appeal but an appeal bond was filed. Sears v. Bearsh, 7 La.Ann. 539 (1852). The court said that without a valid order of appeal the clerk was without authority to accept the appeal bond. The court emphasized that the liability of sureties on judicial bonds is fixed by the law which authorizes the taking of bonds, and since no law authorized the taking of that bond without a valid order of appeal the bond would be inoperative. The court further reasoned that the inducement of the surety for issuing the bond was the supposed existence of an order of appeal and that this error alone would entitle him (the surety) to relief.
The fact that USF&G is a compensated insurer is of no moment. Since the bond it issued never took effect we are not concerned with its provisions or the necessity for a liberal interpretation in favor of the obligee.
Accordingly, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.

AFFIRMED.