SCHOTT, Judge.
Defendants have appealed from a judgment in favor of plaintiffs for $7,000. In this court their principal contention is that the trial court prevented them from putting on evidence to support their reconventional demand, and they ask that the case be *1004 remanded to the trial court in order to accomplish that purpose. However, we see the issue as whether defendants were entitled, as a matter of law, to recover on their reconventional demand conceding that their allegations of fact were proved at the trial.
Plaintiff’s suit stems from an agreement to purchase from defendants Lots 6 and 7 on Sister Court in Glendella Subdivision of Jefferson Parish. The agreement signed on June 11, 1978, provided that the property was to be sold for $29,000 on terms of all cash to the sellers with the purchasers agreeing to deposit with seller’s relator $300 each month until the act of the sale was to be passed on or before April 21, 1979. The agreement also provided that upon acceptance of the offer purchaser would deposit with seller’s agent $5800, which was paid on June 25, 1978.
The agreement described the lots as being located “in the proposed commercial development of Glendella Subd.” and the testimony establishes that defendants were to undertake a re-subdivision of the property in order to create the lots which were the subject of this agreement. An ordinance authorizing the subdivision was passed by the Jefferson Parish Council on September 13, 1978, but the effectiveness of this ordinance was conditioned upon defendant’s posting a bond with the Parish within 30 days after the ordinance was passed. This was never done and the subdivision with the attendant creation of Lots 6 and 7 was never accomplished by the time the agreement expired on April 21, 1979. In the meantime plaintiffs made the $300 payments in July, August, September and October upon being reassured by defendants that the subdivision of the lots would come about. Plaintiffs were asked by defendants to grant extensions but none were ever given and plaintiffs made no further payments after October 23, 1978. Under these facts there is no question that plaintiffs were entitled to recover on their main demand for the $7,000 paid to defendants. The agreement provides that sellers shall deliver a merchantable title to purchasers, and their inability to do so by April 21, 1979, would render the contract null and void, reserving to purchasers the right to the return of their deposit.
However, defendants filed on July 27, 1979, a reconventional demand on the basis of a second agreement signed by the parties on November 12, 1978, under which plaintiffs were to purchase Lots 58, 59, 60 and 38 of Glendella Subdivision. This agreement provided for a sale price of $25,800 cash to the sellers, the purchasers to deposit $300 on December 21, 1978, and $300 on each succeeding 21st of each month “until 30% equity is accumulated.” The act of sale was to be passed on or before May 21, 1980, and purchasers were to deposit with seller’s agent upon acceptance of the offer $300 in cash and a $4860 note payable on May 21, 1980.
In the reconventional demand defendants sought as an offset against plaintiffs’ main demand the sum of the $300 monthly installments allegedly due them by plaintiffs on the second agreement to purchase and sell. Plaintiff Edward Charles admitted at the trial on May 8, 1980, that he had not made the $300 payments on the second real estate contract, and when asked why he had not done so he testified as follows:
“A. First of all, when I purchased this property and I already had failures on the part of Mr. Weigand to perform rightfully in purchasing property with him before, say like, 6 and 7,.it seems to be a default or a breach of contract, where it was so much money that was put down, say five thousand eight hundred dollars with no questions asked whatsoever on his promises and on his contract, with his plans of the development, and I don’t see why I should have paid, say, three hundred dollars down and pay up to, say, four thousand eight hundred dollars and then Mr. Wei-gand could also say, well, I have five thousand eight hundred dollars plus three hundred dollars a month on 6 and 7 which came up to seven thousand and then pay up to four thousand eight hundred dollars and in asking him for that money, he refused me and then paying that amount *1005 of money, say four thousand eight hundred dollars, and then he tells me the same thing. In other words, that type of money could be used elsewhere. Why should he hold it when it’s not drawing any interest? Why should he have that amount of money paid to him when he don’t really know where 7 my first seven thousand dollars is?”
Because the trial court limited defendants’ presentation of evidence they now seek a remand. The trial judge reasoned that it was premature for defendants to assert rights under the second contract which provides for an act of sale to be passed after the date of the trial. Regardless of whether this view was correct or not defendants were not prejudiced because they established by plaintiff’s own admission that the payments on the second contract were not made and that contract was placed in evidence. The legal effects of that second contract are ascertainable from the terms of the contract itself and require no further evidence.
Defendants’ reconventional demand was a plea in compensation under C.C.P. Art. 1062, the substantive law concerning which is found in C.C. Arts. 2207 through 2216. It takes place only between two debts which are equally liquidated and demandable, Art. 2209. That plaintiff’s claim against defendants was liquidated and demandable when the suit was filed is beyond question. Even in their answer to plaintiff’s suit defendants admitted that the contract on Lots 6 and 7 spoke for itself, that the contract would be considered null and void in the event defendants could not deliver merchantable title, and that the deposit made by plaintiffs was to be returned by defendants. On the other hand, defendants’ claim for compensation was far from liquidated considering the testimony of plaintiffs concerning past dealings between the parties and the failure of defendants to contradict this testimony. From the time the first contract was signed until plaintiffs made their last payment on the first contract on October 23, 1978, their inquiries concerning defendants’ progress on the development of the subdivision were met with excuses and requests for further extensions. The record does not show exactly when plaintiff finally lost faith in defendants, but it was established that defendants’ last attempt to subdivide was made when the ordinance was passed on September 13. Defendants’ failure to post the required bond by October 13 eliminated any hope for the subdivision to be accomplished unless defendants started the process over. Apparently, plaintiffs still clung to the hope that defendants might perform when they made their payment on October 23 and still had faith in them when they signed the second contract on November 12. By December 12 when the first payment would have been due on the second contract plaintiffs had finally realized that defendants were not going to perform on the first contract under which they had already collected $7,000 from plaintiffs. There was good reason for plaintiffs to withhold payments on the second contract under all of these circumstances. Furthermore, there is a fair inference from the record that title could not be delivered under the second contract. There is no evidence or even a proffer of proof that defendants would be in a position to convey merchantable title under the second contract scheduled to expire some two weeks after the date of the trial. It seem clear that there were equities and facts on plaintiffs’ side which indicated that defendants’ reconventional demand was not equally liquidated and demandable with respect to plaintiffs’ main demand. Thus, the re-conventional demand was properly dismissed.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.