GOTHARD, Judge.
This action is entitled a suit on open account. From judgment in favor of the plaintiff, the defendant appeals.
Mega Transport, Inc. and Harold Kieffer Trucking were both in the trucking business, although the pleadings and testimony were not precise as to the services each performed and how the businesses differed, if at all. According to the testimony of Melvin Theriot, president of Mega, he had leased a large lot on Tchoupitoulas Street, where he stored his tractors for pulling trailers (“truck tractors”). Harold Kieffer and his son Harold Kieffer, III operated Harold Kieffer Trucking from the same lot, paying Theriot half the rent and other expenses of the lot and sharing an office and telephone with him. There was an agreement between the two owners whereby, as explained by Theriot, Mega “did trucking work for Kieffer at I.C. Railroad, and the railroad would send Mr. Kief-fer the money and he would in turn, for whatever my equipment was involved, he would pay me X-amount of money for the dates the railroad paid him.” Kieffer deposited LC.’s check in its account and then issued a check to Mega for the same amount. In December, 1985 Theriot inquired of Harold Kieffer why he had received no checks recently to which Mr. Kieffer replied he had received none from I.G. for a while.
On February 27, 1986, Theriot mailed a letter of demand with itemized statement attached by certified mail to Kieffer, and the return card was returned signed. Mega filed suit on open account against Harold Kieffer d/b/a Harold Kieffer Trucking on March 25, 1986, seeking payment of $9,126.74 plus interest and attorney’s fees. Kieffer answered, denying that money was owed or that the plaintiff had performed services, and alleged that the statement was incorrect and that it was entitled to credits for monies owed by the plaintiff and for payments accepted by the plaintiff. However, Kieffer had made payments to Mega in March and continued making them periodically during 1986.
Trial was held and the court rendered judgment in favor of Mega in the amount of $5,826.74, plus $1,000 in attorney’s fees and legal interest from date of demand, plus costs. This suspensive appeal followed.
*462 The issues raised by the defendant are: 1) whether there was an open account relationship between the parties; 2) whether the money was due, when there was no evidence that the railroad had paid Kieffer for Mega’s services; 3) whether a set-off should have been allowed to the defendant; and 4) whether attorney’s fees were correctly awarded.
We shall consider the first and fourth issues together. The relationship between the Mega and Kieffer was not one of open account, as Kieffer received no money on the transactions and served only as a conduit. It was an oral agreement for the convenience of the parties. The record reveals that Mega’s services were provided to the railroad and not to Kieffer. Accordingly, attorney’s fees under the open account statute, LSA-R.S. 9:2781, were awarded in error. Unless provided for by contract or statute, attorney’s fees may not be recovered. Evans v. Century Ready Mix Corp., 446 So.2d 860 (La.App. 2nd Cir.1984). We revise the judgment to delete attorney’s fees, as they were awarded erroneously.
The appellant next argues that because there is no evidence of I.C. Railroad’s having paid Kieffer, there is no evidence of the debt. There is no merit in this argument, as Kieffer’s forwarding partial payments to Mega after receiving the demand letter is an admission that the money was due.
In the defendant’s answer he alleges that he “is entitled to credits for items owed by plaintiff to defendant which has not been paid.” Testimony in the record indicates that the claim for set-off is based upon repair work performed by Kieffer on Mega’s vehicles. LSA-C.C. art. 1893 provides in pertinent part:
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
The jurisprudence has established that for setoff to be applicable there must be the contemporaneous existence of distinct debts that are equally liquidated and de-mandable. Beninate v. Licata, 473 So.2d 94 (La.App. 5th Cir.1985), writ denied 477 So.2d 1124 (La.1985). Theriot testified that the parties had met regarding both the repair charges and monies owed by Kieffer for expenses of sharing the yard. They determined that Theriot owed $812 to Kief-fer, which Theriot alleges Kieffer forgave. There is no agreement or judgment setting the amount claimed as a set-off; therefore, the debts are not equally liquidated and demandable. Set-off does not apply.
Our review of the record indicates that the trial court’s calculation of the debt due is correct. There is conflicting testimony regarding two items amounting to $100 which the defendant contests; however, we find no manifest error in the court's determination that the money was owed. The award was based on the total claimed in the petition less payments made and accepted.
Accordingly, we affirm the judgment insofar as it finds in favor of Mega Transport, Inc. and against the defendant, Harold Kieffer, d/b/a Harold Kieffer Trucking in the amount of $5,826.74 plus legal interest from date of judicial demand plus costs; but we revise the judgment to deny attorney’s fees.
REVISED AND AS REVISED, AFFIRMED.