# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-742

**ELIZABETH MONK**
**VERSUS**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 206,109
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy Judges.

**MOTION TO DISMISS DENIED.**

**Robert Lawrence Beck  Jr.**
**RIVERS, BECK & DALRYMPLE**
**Post Office Drawer 12850**
**Alexandria, LA 71315-2850**
**(318) 445-6581**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Elizabeth Monk**

**Bonita K. Preuett-Armour**
**Reichman & Lowrey**
**Post Office Box 210**
**Alexandria, LA 71309-0210**
**(318) 442-6611**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**State Farm Mutual Auto Ins. Co.**

PETERS, Judge.

The Plaintiff-Appellee, Elizabeth Monk, moves to dismiss the suspensive appeal taken by the Defendant-Appellant, State Farm Mutual Automobile Insurance Company, on the ground that the suspensive appeal bond was untimely posted. For the reasons discussed in this opinion, we deny the motion to dismiss as untimely.

By written judgment signed on March 26, 2003, the trial court awarded the Plaintiff thirty-five thousand dollars, together with legal interest from the date of judicial demand until paid, plus court costs and certain other specific fees associated with the action. The clerk's certificate in the record of this appeal shows that notice of this judgment was mailed to all parties through their respective counsel of record on March 26, 2003. No motion for judgment notwithstanding the verdict or new trial was filed.

The Defendant filed a Motion and Order for Suspensive and Devolutive Appeal on March 31, 2003. The order granting the appeal was signed on April 3, 2003, and read:

CONSIDERING THE ABOVE AND FOREGOING, it is

ORDERED that a suspensive appeal and devolutive appeal be granted to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and that the appeal be returnable to the Court of Appeal, Third Circuit, Lake Charles, Louisiana, within sixty (60) days of the signing of this order granted (sic) appeal; and it is further

ORDERED that a bond be posted as security as required by law.

The appellate record was lodged in this court on June 12, 2003. On June 24, 2003, the Defendant posted an appeal bond in the amount of thirty-nine thousand dollars with the trial court. On June 27, 2003, this court lodged a supplemental record in this appeal, the sole contents of which were a copy of

the appeal bond, a letter from defense counsel addressed to the district court clerk's office explaining that the bond was being sent to the trial court in this matter with a request for its filing, and the certificate of the clerk of court for the district court certifying that the documents contained in the supplemental record constituted a true and correct copy of the documents filed in this case.

On July 2, 2003, the Plaintiff filed the motion to dismiss which is the subject of this opinion. In the motion the Plaintiff contends that this court should dismiss the Defendant's suspensive appeal due to the Defendant's alleged failure to post security for the suspensive appeal timely. The motion asks that this court maintain the appeal as devolutive. The Defendant filed a brief in opposition to the Plaintiff's motion to dismiss on July 10, 2003.

Relying on La.Code Civ.P. art. 2161, the Defendant asks this court to find that the Plaintiff's motion is untimely. In pertinent part, the cited article states, "Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." The Defendant points out to this court that the record in this appeal was filed on June 12, 2003. Although the record was supplemented on June 27, 2003, the Defendant argues that the error cited by the Plaintiff was apparent from the record filed on June 12. As the Plaintiff did not file the motion to dismiss until July 2, the Defendant contends that the motion is untimely under Article 2161.

We find the Defendant's argument to be dispositive of this motion. In *Wright v. Jefferson Roofing, Inc.*, 93-1217 (La. 1/14/94), 630 So.2d 773, the surety on a supplemental suspensive appeal bond attempted to avoid having to

2

pay on the bond when the appellant was discharged in bankruptcy during the pendency of the appeal. One of the arguments advanced by the surety was that since the supplemental appeal bond had not been timely posted, the bond was invalid.

In rejecting this argument, the court reasoned:

> Accordingly, when the appellant files a suspensive appeal or the security after the thirty-day period provided in La.Code Civ.Proc. art. 2123 for appealing suspensively (but within the sixty-day period for appealing devolutively) and the appellee does not exercise his right to dismiss the suspensive appeal within the three-day period provided in La.Code Civ.Proc. art. 2161, the suspensive appeal remains in effect and the surety remains obligated on the appeal bond. the surety, who bound himself with the judgment debtor for payment of the judgment in return for a fee or for the debtor's advantage of proceeding with his appeal without threat of execution, cannot use his own untimely action as a basis for defeating his obligation on the bond unless the judgment creditor raises that untimeliness in an Article 2161 motion to dismiss the suspensive appeal filed within the limited three-day period. Any contrary holding in *Willswood Plantation, Inc. v. Foret*, 391 So.2d 1389 (La.App. 4th Cir.1980) is expressly overruled.

> Here, the surety's filing of the supplemental bond was untimely, giving rise to plaintiffs' right to obtain dismissal of the suspensive appeal. But when plaintiffs did not exercise this right within Article 2161's three-day period, the appeal was no longer subject to dismissal, and the surety remained bound on (sic) supplemental bond.

630 So.2d at 776(footnotes omitted).

Thus, in the instant case, the Plaintiff could have sought dismissal of the suspensive appeal within three days of the filing of the appellate record in this court. Since the Plaintiff failed to exercise this right within the three day time period set forth in Article 2161, the suspensive appeal was no longer subject to dismissal.

Moreover, we find that the delay for filing the motion to dismiss in this case must be found to have begun to run on the date that the original record was

3

lodged in this court, not from the date of the filing of the supplemental record. To rule that the delay under La.Code Civ.P. art. 2161 would begin to run from the filing of the supplemental record would result in punishing the responsible appellant who files the appropriate suspensive appeal bond after the delays have run for the appellee to challenge the untimely filing. Thus, were we to construe the Article 2161 delay as starting from the filing of the supplemental record, the Defendant in this case would have been better off to have never filed the bond. In that manner, the Defendant could have continued to pursue its suspensive appeal with impunity without affording the Plaintiff any protection during the pendency of the appeal. Consequently, for the above reasons, we deny the motion to dismiss the appeal at the Plaintiff's costs.

**MOTION TO DISMISS DENIED.**