MICHAEL NELSON
v.
CORBERT DINGER, JR.
No. 07-54.
Court of Appeal of Louisiana, Third Circuit.
March 14, 2007.
NOT DESIGNATED FOR PUBLICATION
Mr. ALLEN A. McELROY, Jr., McElroy & Duffy, Counsel for Plaintiff/Appellee: Michael Nelson.
Mr. DAVID GRONER, Counsel for Defendant/Appellant: Romero Power Sports, L.L.C.
Court composed of SAUNDERS, PETERS, and EZELL, Judges.
JIMMIE C. PETERS, Judge.
Michael Nelson, the plaintiff and appellee in this matter, has filed a motion to dismiss the suspensive appeal of Romero's Power Sports, LLC, the defendant an appellant, and to convert it to a devolutive appeal. For the following reasons, we deny the motion.
The facts giving rise to the motion to dismiss are not in dispute. The trial court granted a money judgment in favor of the plaintiff and against the defendant. Thereafter, the defendant filed a motion for new trial which the trial court denied on August 17, 2006. The notice of the denial of the motion for new trial was mailed on August 21, 2006, and the defendant filed a motion for suspensive appeal on September 5, 2006, which the trial court granted on September 13, 2006. However, in granting the motion, the trial court failed to set an amount for the suspensive appeal bond.
Thereafter, on September 27, 2006, the defendant filed a suspensive appeal bond in the amount of $8,600.00. The appeal was lodged with this court on January 17, 2007. On January 30, 2007, the plaintiff filed the motion now before the court.
Louisiana Code of Civil Procedure Article 2123(A)(2) provides that security for a suspensive appeal must be furnished within thirty days of "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial .. . as provided under Article 1914." In this case, the notice was mailed on August 21, 2006, and security was not posted until September 27, 2006. However, La.Code Civ.P. art. 2161 provides in pertinent part that "[e]xcept as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." Thus, the plaintiffs had until January 20, 2007, in which to file the motion to dismiss and did not do so until January 30. The motion is untimely and, therefore, is denied. Monk v. State Farm Mut. Auto. Ins. Co., 03-742 (La.App. 3 Cir. 9/3/03), 853 So.2d 772.
MOTION TO DISMISS SUSPENSIVE APPEAL AND TO MAINTAIN APPEAL AS DEVOLUTIVE DENIED.