REID, Judge.
Plaintiffs John H. Hunter and his wife, Evelyn Hunter, brought this suit against Harvey H. Honoré and his insurer, Travelers Indemnity Company for damages resulting from an automobile accident which happened on Scenic Highway on April 18th, 1963.
The case was duly tried and the Lower Court rendered judgment in favor of the plaintiffs, John H. Hunter in the amount of One Hundred Seventy-five and no/100 ($175.00) Dollars and in favor of Evelyn Hunter for the sum of Seven Hundred Fifty and no/100 ($750.00) Dollars. From this judgment plaintiffs have appealed devolu-tively to this Court.
Appeal was duly lodged in this Court on May 21st, 1968. We had a routine check made, as we do in all appeals, and on discovering that the judgment was signed on October 13, 1967 and the appeal bond was filed ..on January 25, 1968 or more than ninety days after the delays for filing a motion for a new trial. This Court on ex proprio motu issued a Show Cause Order for the parties to this suit to show cause by brief on or before October 31st, 1968 why the appeal should or should not be dismissed.
The appellees filed no brief but the appellant did file a brief in their behalf.
The record discloses that the judgment was signed on October 13th, 1967, which was a Friday. Saturday and Sunday, October the 14th and the 15th were “Dies non” and didn’t count. The appellant had beginning Monday, October the 16th, October the 17th and October the 18th to apply for a new trial. The records show that on January the 3rd, 1968, the appellants, plaintiffs herein, filed an application for a new trial, which application for a new trial was withdrawn on January the 5th, 1968. Therefore computing the ninety days for a devolutive appeal from October the 16th, 1967 shows that the delay would expire on January the 16th, 1968. The appeal bond was filed on January 25th, 1968.
The appellants in their brief urge that the failure to file the appeal bond timely' was caused by the fact that the trial judge, Honorable Elmore E. Lear, was absent as he was serving as judge of the Court of Appeals to the Third Circuit. They further claim that on January the 3rd, 1968 one of appellant’s counsel’s secretaries went to the office of Judge Lear to secure the order for a devolutive appeal. Judge Lear was not in his office and she learned that he was absent. Since he tried the case *477 he would have to sign the order for appeal. Someone in the office of the Clerk of Court suggested that the motion be referred to Honorable Luther F. Cole, another judge of the Nineteenth Judicial District Court. The order was left with his secretary and subsequently on January the the 4th, 1968 on inquiry appellant learned that Judge Cole would not sign the motion as it was a case Judge Lear had tried. Later on the same day Judge Cole’s secretary called and stated that Judge Cole had signed the motion for appeal and a motion for a new trial (which was subsequently withdrawn). On January the 25th, 1968 a deputy clerk of the Nineteenth Judicial District Court called the office of appellant’s counsel and advised that the bond in the amount of Five Hundred and no/100 ($500.00) Dollars had not been filed. They claim that this was the first time that they knew that the judge had fixed the amount of the bond.
According to the affidavit filed by the appellant and signed by Miss Vee S. Carlock, one of the appellant’s counsel’s secretaries, appellant’s counsel was notified on January the 4th, 1968 that Judge Cole had signed the motion for the appeal. The bond was duly filed on January 25th, 1968.
Appellant’s counsel urges that it was the custom for the Clerk of Court to place a conformed copy of the motion and order for an appeal in a box which was assigned to the various attorneys. Counsel for appellant stated that he had such a box in the Clerk’s office and that no conformed copy of the motion and order was placed in the same and that the first notice of the amount of bond was by virtue of the telephone call stating that the bond had not been filed.
There is no evidence in the record that such a rule was in existence.
LSA:CCP Article 2087 fixes the delay for filing or taking a devolutive appeal. This article reads as follows, to-wit:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely:
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
Counsel for the appellant in his brief relies on the case of Mathies v. Fruehauf Trailer Company et al., La.App., 170 So.2d page 785. In that case the Court held that the failure of the appellant to furnish the needed copies of all pleadings and depositions for which the Clerk’s Office had accepted the obligation and to pay the necessary costs when no statement was ever sent by the Clerk could not be attributed to appellants. We believe that that case can be very easily differentiated from the case at bar. In that case the Clerk did not forward a bill for the costs so that there was nothing by which the appellant could determine the correct amount to be paid and it was correctly attributed to the fault of the Clerk.
In the instant case the secretary of the Judge, who signed the Order of Appeal notified appellants, according to their own witness that the Order for the Appeal was signed on January the 4th, 1968. The appellant was put on guard then that there was an Order for an Appeal properly signed by the Trial Court and it was incumbent upon him to check and ascertain the amount of the bond so that the same could be filed timely. Failure of the appellant to show any fault on the part of the Clerk of the Court and to timely file his appeal bond *478 deprived this Court of jurisdiction to hear the appeal.
For the above and foregoing reasons this Court ex proprio motu hereby dismisses the appeal of the appellant at appellant’s costs.
Appeal dismissed.