630 So.2d 773 (1994)
John E. WRIGHT, et al.
v.
JEFFERSON ROOFING, INC. and Jordie Jefferson.
No. 93-C-1217.
Supreme Court of Louisiana.
January 14, 1994.
Rehearing Denied February 10, 1994.
*774 Jeffrey H. Thomas, Kelly, Townsend & Thomas, for applicant.
James E. Calhoun, Bridgett B. DeJean, for respondent.
LEMMON, Justice.[*]
The issue at this post-judgment stage of the proceedings is whether plaintiffs, who obtained a judgment against their employer, are precluded from recovering the judgment against the employer's surety on the appeal bond simply because the surety failed to furnish supplemental security timely.
In the underlying action plaintiffs obtained a judgment against their employer in the amount of $41,165.46 for overtime wages, liquidated damages, and attorney fees. The employer obtained a timely order for a suspensive appeal and furnished an appeal bond of $1,000, the amount fixed as security by the trial judge.[1] Because La.Code Civ.Proc. art. 2124 requires security for a suspensive appeal from a money judgment in an amount equal to the judgment and accrued interest, plaintiffs moved under La.Code Civ.Proc. art. 5123 to test the sufficiency of the bond. The trial court on January 9, 1990 declared the initial bond insufficient and ordered the employer to furnish supplemental security in the amount of $50,000. The new surety, Doffie Benjamin, furnished a supplemental bond of $50,000 on March 9, 1990,[2] which was beyond the four-day period specified in La. Code Civ.Proc. art. 5124 for filing a new or supplemental bond after a judgment holding the original bond insufficient.[3] Benjamin, who was in the business of furnishing bonds, received a fee of $3,000 for executing the bond. By the terms of the bond Benjamin bound himself as liable to satisfy the judgment if the principal failed to do so.
Shortly after furnishing the supplemental appeal bond Benjamin filed a motion to be removed as surety because he was fraudulently induced to execute the bond. The trial judge denied the motion after a hearing. Benjamin moved for a new trial, but the motion lay dormant while the appeal in the underlying action was proceeding. Neither *775 side questioned the timeliness of the supplemental appeal bond.
The judgment in the underlying action was affirmed on the merits on November 21, 1991. Inasmuch as plaintiffs' employer had been discharged in bankruptcy during the pendency of the appeal, plaintiffs filed a motion to have the judgment made executory against Benjamin as surety. The surety raised defenses 1) that the principal induced him to sign the bond through fraud and 2) that the supplemental appeal was invalid because security was not provided timely. The trial court ordered that the judgment be made executory against the surety.[4]
The court of appeal reversed. 617 So.2d 174 (1993). The intermediate court relied on the decision in Willswood Plantation, Inc. v. Foret, 391 So.2d 1389 (La.App. 4th Cir.1980), which held that when the surety fails to furnish timely the security for a suspensive appeal, the appeal has no suspensive effect, and because the surety's obligation only comes into play with the suspension of the creditor's rights, the bond never takes effect. The intermediate court extended the reasoning of Willswood to the present case involving a supplemental bond, noting that although the suspensive appeal had been perfected initially, the suspensive effect did not continue when the employer failed to furnish the supplemental bond timely. In effect, the court held that the validity of the suspensive appeal ceased when the four-day period for filing the supplemental bond elapsed.[5]
We granted certiorari to review the decision of the court of appeal. 620 So.2d 821 (1993).
A suspensive appeal is one that suspends the effect or the execution of an appealable judgment. La.Code Civ.Proc. art. 2123. Although no security is required for a devolutive appeal, the appellant must furnish security for a suspensive appeal, and a suspensive appeal bond must provide that the surety is liable for the amount of the judgment. La. Code Civ.Proc. art. 2124.
The purpose of the requirement of security for a suspensive appeal is to protect the judgment creditor against the insolvency of the judgment debtor during the course of the appeal. The judgment creditor who by the suspensive appeal loses the right to interim execution on the judgment reciprocally gains the right to execute against additional parties or property if the judgment is affirmed on appeal.
In a suspensive appeal the appellant must both file the petition for appeal and furnish the security within the delay allowed in La.Code Civ.Proc. art. 2123. Malone v. Malone, 282 So.2d 119 (La.1973). When the appellant fails to furnish timely the security required for a suspensive appeal, the right vests in the appellee to obtain dismissal of the suspensive appeal and to secure thereby the right to execute on the judgment. Thus, the appellant's untimely filing of security for a suspensive appeal (or of a supplemental bond) usually results in dismissal of the suspensive appeal on motion of the appellee. However, the suspensive appeal is not invalid merely because the appellant does not furnish security until after the delay has elapsed. The appellant's tardiness in furnishing security merely constitutes an irregularity or defect imputable to the appellant which may form a basis for the appellee to move for dismissal of the suspensive appeal under La.Code Civ.Proc. art. 2161. If the appellee desires to avail himself of the irregularity or defect imputable to the appellant, he must file the motion to dismiss the suspensive appeal within three days of the return day or the date of lodging of the record in the appellate court, whichever is later. La.Code Civ.Proc. art. 2161.
Thus, when the appellant furnishes security for a suspensive appeal late, the appeal granted by the trial judge remains in effect (subject to the appellee's filing a motion to dismiss) and the surety remains liable on the bond. Of course, if the appellee obtains dismissal of the suspensive appeal, the *776 surety is no longer obligated on the appeal bond. But if the appellee does not seek dismissal because of the irregularity or defect (thereby precluding himself from executing the judgment), the surety's own untimeliness in furnishing security does not give rise to any right on his part to abort the suspensive appeal and avoid his obligation on the bond. The surety's late bond is fully effective once Article 2161's three-day period elapses.
In Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191 (La.1991), the appellant filed the motion for suspensive appeal and the security after the thirty-day period for appealing suspensively, but within the sixty-day period for appealing devolutively. This court held that any objection to the untimely filing of the appeal or furnishing of the security had to be filed within the threeday limitation imposed by Article 2161. Further, this court noted that the failure to file the suspensive appeal or the security timely is not a jurisdictional defect which is exempt from the operation of Article 2161, stating:
Thus, when an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. However, when an appellant fails to file a suspensive appeal from a final judgment timely, the judgment does not thereby acquire the authority of the thing adjudged, and the court of appeal does have jurisdiction to reverse, revise or modify the judgment (as long as the appeal was filed within the time limit for appealing devolutively).
Accordingly, when the appellant files a suspensive appeal or the security after the thirty-day period provided in La.Code Civ. Proc. art. 2123 for appealing suspensively (but within the sixty-day period for appealing devolutively) and the appellee does not exercise his right to dismiss the suspensive appeal within the three-day period provided in La.Code Civ.Proc. art. 2161, the suspensive appeal remains in effect and the surety remains obligated on the appeal bond. The surety, who bound himself with the judgment debtor for payment of the judgment in return for a fee or for the debtor's advantage of proceeding with his appeal without threat of execution, cannot use his own untimely action as a basis for defeating his obligation on the bond unless the judgment creditor raises that untimeliness in an Article 2161 motion to dismiss the suspensive appeal filed within the limited three-day period.[6] Any contrary holding in Willswood Plantation, Inc. v. Foret, 391 So.2d 1389 (La.App. 4th Cir.1980) is expressly overruled.[7]
Here, the surety's filing of the supplemental bond was untimely, giving rise to plaintiffs' right to obtain dismissal of the suspensive appeal. But when plaintiffs did not exercise this right within Article 2161's three-day period, the appeal was no longer subject to dismissal, and the surety remained bound on supplemental bond.
For these reasons, the judgment of the court of appeal is reversed, and the judgment *777 of the district court making the judgment executory against the surety is reinstated.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Marcus, J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] The surety on the initial appeal bond was not the same person who is the surety on the supplemental appeal bond presently at issue.
[2] March 9, 1990 was the date set by the trial court, in his order requiring additional security, as the extended return day for the clerk of court to lodge the record in the court of appeal.
[3] La.Code Civ.Proc. art. 5124 provides:

Within four days, exclusive of legal holidays of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.
The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.
The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond, and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond.
[4] In the same order the trial judge denied the pending motion for new trial relating to Benjamin's claim of fraudulent inducement.
[5] The court of appeal considered, but rejected, the surety's alternative assertion that he was fraudulently induced to provide the bond by the principal's statement that he was solvent.
[6] The trial judge, addressing the surety's attorney in oral reasons for judgment, stated:

Well, you're putting the wagon before the mule. Normally, in a case like this, the plaintiffs would be the one to test the validity of the bond, saying, in effect, that the defendant should not be allowed to rely on the defective bond, or an insufficient bond, or something like that. And what you're doing here is putting the cart before the mule. You're saying, in effect, we signed the bond, here is the man who signed the bond ... but he signed it some days after the four day period of time in which a good bond was supposed to have been filed. Your client, in this case, is not going to be allowed by this Court to make a $3,000.00 profit and sign a bond for a defendant who later takes bankruptcy and then have your client come in and say, yeah, but I didn't do it on time.
[7] There was a division among the circuits on this issue. In most cases the appellee's timely motion to dismiss eliminates the issue. In LaHoste v. Toups, 510 So.2d 3 (La.App. 1st Cir.1989), the court held that in the absence of a timely motion by the appellee to dismiss the suspensive appeal under Article 2161, the appellant's supplemental bond (although late) is retroactive to the date of the original bond and maintains the suspensive appeal. See Hale Farms, Inc. v. American Cyanamid Co., 580 So.2d 684 (La.App. 2d Cir.), cert. denied, 586 So.2d 537 (La.1991); Jones v. Gillen, 564 So.2d 1274 (La.App. 5th Cir.1990). See also, contra, Home Insurance Co. v. Southern Specialty Sales Co., 222 So.2d 649 (La.App. 4th Cir.1969).