hBYRNES, Judge.
We grant writs for the purpose to reviewing an ex parte order of the trial court dated December 6, 1996 striking down applicant’s suspensive appeal bond.
Applicant contends that this Court in the related unpublished opinion entitled Riley v. Stallworth, 96-CA-0667 (La.App. 4 Cir. 11/20/96), 684 So.2d 90[1] fixed his suspensive appeal bond at $8,000.00. What this Court actually did was approve and affirm the action of the trial court in fixing the suspensive appeal bond. In Riley this Court stated that: “The trial court set bond at $8,000.” This was a reference to the amount fixed “to pay rent from August, 1995, through January, 1996 ...”
The actual order of the trial court dated January 4, 1996 requires applicant to furnish bond “in the amount of $8,000.00 plus $1,300.00 on the first of each month ...” The failure of this Court to refer in its opinion of November 11, 1996, to the $1,300.00 per month that applicant was required to 12post was not an attempt to abrogate that requirement nor an attempt to reduce applicant’s bond to $8,000.00.
Applicant admits that he has not furnished $1,300.00 per month for all months required.
The trial court threw out applicant’s suspensive appeal bond without a contradictory hearing. Applicant contends his failure to pay $1,300.00 for certain months after paying the basic $8,000.00 amount raises a question of the sufficiency of the bond. Where the sufficiency of the bond is at issue LSA-C.C.P. art. 5123 requires a contradictory hearing.
This is not a question of the sufficiency of the bond. The failure of the applicant to post the $1,300.00 each month as ordered is a failure to post bond, not a matter of the sufficiency of the bond. Cf Pardue v. Pardue, 285 So.2d 552, 554 (La.App. 1 Cir.1973). No contradictory hearing is required.
We are aware of Ellis v. Dozier, 337 So.2d 659 (La.App. 3 Cir.1976) in which the court held that the furnishing of a $20,000.00 sus-pensive appeal bond in response to an order fixing the bond at $25,000.00 raised a question of the sufficiency of a bond requiring a contradictory hearing under LSA-C.C.P. art. 5123. We respectfully decline to follow the third circuit. Where LSAC.C.P. art. 5123 refers to “sufficiency” it was not intended to cover situations in which it is uncontested or apparent from the face of the record that the required bond was not posted in whole or in part. “Sufficiency” was intended to refer more to such situations as those in which the value of the security furnished is disputed. Here there is no dispute that applicant did not furnish the amount required.
According to the rationale of the third circuit in Ellis the furnishing of any amount *575 no matter how obviously facially inadequate is sufficient to raise the issue of “sufficiency” requiring a contradictory hearing under LSA-C.C.P. art. 5123. The logical consequence of such a rationale would permit a party to Rraise unconscionable procedural obstacles by the mere furnishing of $1 in response to a $1 million bond. To the contrary, we find that where the amount furnished is facially inadequate relative to the amount fixed it constitutes a fundamental failure to post bond.
For the foregoing reasons the relief requested by applicant is denied.
WRIT GRANTED; RELIEF DENIED.

. Because of the application for rehearing that was pending at the time this application for writs was filed, this Court had the advantage of having the full appellate record available for review.