706 So.2d 999 (1997)
BLUE, WILLIAMS & BUCKLEY, A Law Partnership
v.
BRIAN INVESTMENTS, LTD. and Sam J. Recile.
No. 96 CA 1451.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
Rehearing Denied July 24, 1997.
Writ Denied November 21, 1997.
*1000 Mark Landry, Metairie, for Plaintiff/Appellant Blue, William & Buckley, A Law Partnership.
Patrick F. McGrew, Baton Rouge, for Defendant/Appellee Brian Investments, Ltd., et al.
Louis Guillot, New Iberia, for Defendant/Appellee Brian Investments, Ltd., et al.
Sam J. Recile, Jr., Scotlandville, in proper person.
Before CARTER, LeBLANC and PARRO, JJ.
LeBLANC, Judge.
This action was commenced by Blue, Williams & Buckley (Blue), a law partnership, against Brian Investments, Ltd. (Brian), and Sam J. Recile (Recile), to recover on an open account and a promissory note for legal services rendered.

FACTS AND PROCEDURAL HISTORY
Suit was originally filed by Blue against Brian and Recile on February 3, 1993, and service was directed to both defendants.[1] On March 15, 1993, a motion for preliminary default was entered against Brian and Recile. Prior to the confirmation of the default judgment, Sam J. Recile, Jr.[2], holding himself out as president of Brian, filed an answer and a peremptory exception raising the objection of prescription. Thereafter, on May 18, 1993, the default judgment was confirmed as to Recile. That judgment is final and definitive.
On May 27, 1993, Blue filed a motion to strike the exception and the answer, filed by Sam J. Recile, Jr. contending, he was not licensed to practice law and, as of the filing date of those pleadings, was not the president of Brian. Judgment granting the motion to strike the exception and answer was signed September 9, 1993. The record indicates notice of this judgment was sent to all parties on September 9, 1993.
On October 1, 1993, a motion for preliminary default was entered against Brian. On November 9, 1993, the default judgment was confirmed. On September 15, 1994, Brian, now appearing through counsel, filed a motion for new trial and a petition for nullity of judgment.[3] In its motion for new trial, *1001 Brian contended the September 9, 1993 judgment was improper because Sam J. Recile Jr. never received notice of this judgment. In its petition for nullity of judgment, Brian alleged 1) the judgment of September 9, 1993, granting the motion to strike, should be annulled due to improper service and 2) the judgment of November 9, 1993, should be annulled because it was obtained by fraud and or ill practices, since no notice was given to Sam J. Recile, Jr. On November 15, 1994, Blue filed an answer to Brian's petition for nullity. On March 2, 1995, the lower court denied Brian's motion for new trial as untimely and annulled, vacated and set aside the November 9, 1993 default judgment against Brian.
Subsequently, Blue filed a motion for new trial, averring it was improper for the court to render judgment in an ordinary proceeding which had not been set for hearing and in due course, trial. On October 4, 1995, the court granted Blue's motion for new trial and set aside and recalled the March 2, 1995 judgment only insofar as it purported to nullify the judgment of November 9, 1993, with regards to Brian.
Blue then filed a motion for judgment on the pleadings or in the alternative, a motion for summary judgment. In this motion, Blue alleged Brian's petition disclosed no ground for relief, or in the alternative, there existed no genuine issue of material fact. In response, Brian filed a cross motion for summary judgment, alleging there were no genuine issues of material fact and it was entitled to summary judgment as a matter of law.[4] On January 25, 1996, Blue's motion for summary judgment was denied, Brian's motion for summary judgment was granted and the November 9, 1993 default judgment against Brian was annulled, vacated and set aside. Notice of the signing of judgment was mailed January 26, 1996.
Blue filed a motion and order for suspensive appeal on February 5, 1996. Brian opposed the motion for suspensive appeal, contending Blue had no right to a suspensive appeal. The court, thereafter, ordered briefs and took the matter under advisement. Subsequently, in order to preserve its appeal, Blue filed an application for supervisory relief asking this court to order the trial judge to sign the order of appeal and fix the amount of the bond. On May 15, 1996, the trial judge signed the order of appeal and fixed the bond at $100,000.[5] Blue filed its suspensive appeal bond on June 6, 1996. On June 12, 1996 Brian filed a "motion to dismiss and request for a stay." On August 12, 1996, this court referred the motion to dismiss to the merits and denied the stay. See Prevost v. Jobbers Oil Transport Company, 95 0224, p. 6 n. 3 (La.App. 1st Cir. 10/6/95); 665 So.2d 400, 405 n. 3, writ denied, 96-0440 (La 4/8/96); 671 So.2d 336.

MOTION TO DISMISS
In its motion to dismiss, Brian contends Blue's suspensive appeal should be dismissed for failure to furnish security within the delay allowed under La.C.C.P. art. 2123 and in the alternative, the judgment of January 25, 1996, is interlocutory in nature and not subject to a direct appeal.[6]
La.C.C.P. art. 2123 provides:
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:

*1002 (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
In a suspensive appeal the appellant must file both the petition for appeal and furnish the security within the delay allowed in La.C.C.P. art. 2123. When the appellant fails to timely furnish the security required for a suspensive appeal, the right vests in the appellee to obtain dismissal of the suspensive appeal and to secure the right to execute on the judgment. However, the suspensive appeal is not invalid merely because the appellant does not furnish security until after the delay has elapsed. The appellant's tardiness in furnishing security merely constitutes an irregularity or defect which, if imputable to the appellant, may form a basis for the appellee to move for dismissal of the suspensive appeal under La.C.C.P. art. 2161. Wright v. Jefferson Roofing, Inc., 93-1217, p. 4 (La.1/14/94); 630 So.2d 773, 775.
However, when the motion for appeal has been made timely within the delay period allowed to perfect an appeal and has been continuously pressed, the appeal as ultimately perfected has been held valid despite the tardy filing of the bond, where the failure to perfect it within the delay period results from the erroneous refusal of the trial court to sign an appeal order timely after it has been presented to it, or from the trial court's placing unreasonable conditions upon the exercise of the right to appeal. The fault in the tardy filing is then regarded as imputable to the court system rather than to the appellant. La. C.C.P. art. 2161; Graves v. Kaiser Aluminum & Chemical Corp., 319 So.2d 323, 325 (La.1975) (where the foregoing was applied to a case involving a devolutive appeal), when such an appeal required a bond.
In the case at bar, Blue timely filed its motion and order for suspensive appeal on February 5, 1996. Brian opposed the motion and the court ordered briefs and took the matter under advisement. In order to preserve its appeal, Blue filed an application for supervisory relief asking this court to order the trial judge to sign the order of appeal and fix the amount of the bond. On May 15, 1996, the trial judge signed the order of appeal and fixed bond. Subsequently, Blue filed its suspensive appeal bond on June 6, 1996. Because Blue timely filed its motion and order for appeal and continuously pressed to have its order for appeal signed and bond fixed, including taking a writ to this court, it did everything within its power to perfect its suspensive appeal. Thus, the failure to provide security within the delay period is imputable to the court system rather than to Blue. Accordingly, Brian's motion to dismiss Blue's suspensive appeal is denied.

SUMMARY JUDGMENT
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993); Madden v. Bourgeois, 95-2354, p. 3 (La. App 1st Cir. 6/28/96); 676 So.2d 790, 792. At the time this suit was filed, Louisiana law discouraged summary judgments. However, by Acts 1996, First Extraordinary Session, No. 9, the legislature amended La.C.C.P. art. 966, stating in pertinent part in paragraph A(2) that:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends.
Since the amended version of La.C.C.P. art. 966 is a procedural change, we should retroactively apply it to this case. La.C.C. art. 6; Short v. Giffin, 96-0361, p. 5-6 (La.App. 4th Cir. 8/21/96); 682 So.2d 249, 253; writ denied, 96-3063 (La.3/7/97); 689 So.2d 1372; NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555, p. 3 (La.App.2d Cir. 8/21/96); 679 So.2d 477, 479.
Though article 966 now encourages summary judgments, it does not change the burden of proof required for summary judgment *1003 proceedings. The burden of proof remains on the mover to show, through affidavits based on personal knowledge, depositions, or answers to interrogatories, "that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. arts. 966 B and G, 967. Short, 96-0361 at p. 6; 682 So.2d at 253.
Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
On appeal, Blue contends the trial court erred when it granted Brian's motion for summary judgment, denied Blue's motion for summary judgment and granted judgment nullifying the default judgment against Brian. Brian argues in brief that Blue's appeal should fail because service was not proper upon Brian and the record does not contain the required proof of service mandated by La.C.C.P. art. 1235.1. Brian further argues, without proper service on Brian, the jurisdiction of the trial court did not attach and all proceedings that followed, inclusive of the default judgment of November 9, 1993, are absolutely null.
Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely null. La.C.C.P. art. 1201. The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office. The citation must be accompanied by a certified copy of the petition, and must contain the date of issuance, the title of the cause, the name of the person to whom it is addressed, the title and location of the court issuing it, and a statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within fifteen days under penalty of default. La.C.C.P. art. 1202. Service of citation or other process may be either personal or domiciliary. La.C.C.P. art. 1231. Personal service is made when a proper officer tenders the citation or other process to the person to be served. La.C.C.P. art. 1232. Personal service may be made anywhere the officer making the service may lawfully go to reach the person to be served. La.C.C.P. art. 1233. Service is made on a person who is incarcerated in a jail or detention facility through personal service on the warden or his designee for that shift. The warden or his designee shall in turn make personal service on the person incarcerated. Proof of service shall be made by filing in the record the affidavit of the person serving the citation and pleadings on the person who is incarcerated. La.C.C.P. art. 1235.1. An additional method of service on an incarcerated person is found in La. R.S. 13:3471(6), which provides that service of process on an inmate of a public institution may be made by the sheriff of the parish where the institution is located.
Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process. La.C.C.P. art. 1261. Under La.C.C.P. art. 1261(A), failure to personally serve the registered agent for a corporation renders the service null and void and of no effect. See Conner v. Continental Southern Lines, Inc., 294 So.2d 485, 487 (La.1974). Nevertheless, if there are two statutes that touch on the same subject matter, a fair and reasonable interpretation should be used to reconcile the two. See Fakier v. Picou, 246 La. 639, 649, 166 So.2d 257, 260 (La.1964).
In the case sub judice, the record reveals that the citation was issued by the clerk of court for East Baton Rouge Parish, on February 9, 1993. The return of citation indicates that Recile, as the corporation's registered agent, received personal service of the citation on February 11, 1993. The return shows Recile was personally served by a deputy sheriff of the East Baton Rouge Parish *1004 sheriff's office. See La. C.C.P. art. 324. A return of citation is prima facie evidence of service. La.C.C.P. art. 1292. The return of the officer on the citation is given great weight, and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Billiot Brothers, Inc. v. Bercier, 447 So.2d 1090, 1091 (La.App. 1st Cir.1983).
Brian argues that because the record is void of an affidavit of the person serving the citation and pleadings as required by La.C.C.P. art. 1235.1, service was improper and any proceedings thereafter were null for want of jurisdiction. We do not agree. The article relied on by Brian appears in Chapter 2 of Title II of Book II of the Code of Civil Procedure. The title of that chapter is, "Service on Persons." The law for serving corporations is found in Chapter 3 of Title II, "Service on Legal and Quasi Legal Entities." Service of citation on incarcerated persons, as well as service of citation on a domestic or foreign corporation, must be personal. Brian, through its registered agent, Recile, was personally served and the return of citation bearing the signature of the deputy sheriff who personally served Recile, is in the record before us. Under La.C.C.P. art. 1235.1, proof of service by affidavit of the person serving the citation and pleadings on the person incarcerated is necessary because the warden or his designee is personally served and then he, in turn, makes personal service on the incarcerated person. However, in this case, an affidavit is not necessary because a deputy sheriff personally served Brian's registered agent for service of process and attested to this on the return of citation. There was no intervening service on a warden, because none was needed to make direct personal service on an inmate in the East Baton Rouge Parish Prison. Service was proper under La. R.S. 13:3471(6), as well as La. C.C.P. art. 1261. Thus, we find Brian has failed to carry its burden of proof by clear and convincing evidence that service of the petition and its citation was improper.
In its petition for nullity of judgment, Brian alleged 1) the judgment of September 9, 1993, granting the motion to strike should be annulled because Sam J. Recile, Jr. never received notice of the hearing on the motion and, as a result, judgment was rendered against Brian and 2) the default judgment of November 9, 1993, should be annulled because it was obtained by fraud and or ill practices, since no notice was given to Sam J. Recile, Jr.
The record before us reveals that Brian, through Recile, its registered agent for service of process, was again personally served in the East Baton Rouge Parish Prison, with certified copies of the motion to strike the answer and the exception on June 14, 1993. The return indicated an appearance was required on August 20, 1993, at 9:30 a.m., to show cause why the exception and answer filed and signed by Sam J. Recile, Jr. should not be stricken from the record. At the hearing on August 20, 1993, Brian was absent and unrepresented. At this time, the court ordered Brian to file responsive pleadings, signed by an attorney admitted to practice law, within 10 days of the date of the judgment, or a default judgment might be entered against it. Judgment granting the motion to strike the exception and answer was signed September 9, 1993. The record indicates notice of this judgment was also sent to all parties on September 9, 1993. Because Sam J. Recile, Jr. was not Brian's registered agent for service at this time, not a party to the lawsuit, and not an attorney admitted to practice law in Louisiana, he was not entitled to notice and service of the motion to strike the September 9, 1993 judgment thereon, or notice of the preliminary default entered against Brian which gave rise to the default judgment of November 9, 1993.
Based on the record before us and the circumstances of the present case, we find as a matter of law, that service of process was proper upon Brian, through Recile, its registered agent; jurisdiction attached to all subsequent proceedings and the default judgment of November 9, 1993, against Brian was valid. Accordingly, we conclude that the trial court erred 1) in granting Brian's motion for summary judgment, 2) in denying Blue's motion for summary judgment, and 3) in annulling, vacating and setting aside the default *1005 judgment of November 9, 1993, against Brian.

DECREE
For the above reasons, the January 25, 1996 judgment of the trial court granting Brian's motion for summary judgment, denying Blue's motion for summary judgment and annulling, vacating and setting aside the default judgment of November 9, 1993, against Brian, is reversed. Judgment is rendered granting Blue's motion for summary judgment. The default judgment of November 9, 1993, against Brian is reinstated. Brian is cast for the costs of this appeal.
REVERSED AND RENDERED.
NOTES
[1] Service was directed to Sam J. Recile as a defendant, as well as, the registered agent for Brian.
[2] The record before this court contains a document titled "Answer to Petition and Suit for Profession [sic] Fees, Money Lent on Open Account and on Promissory Note" purportedly filed by Sam J. Recile, II. However, in the opening paragraph of this document, Sam J. Recile, II refers to himself as Sam J. Recile, Jr. The court will also refer to him as Sam J. Recile, Jr.
[3] On September 9, 1994, Sam J. Recile, Jr. filed papers with the Secretary of State which reflected that he had become the president of the corporation and its registered agent.
[4] Although counsel for Brian stated it was opposed to Blue's motion for judgment on the pleadings and in the alternative, motion for summary judgment "for reasons more fully set forth in the memorandum filed herewith," the record is devoid of such a memorandum.
[5] On May 31, 1996, this court dismissed Blue's writ application as moot.
[6] We reject Brian's argument regarding the interlocutory nature of the January 25, 1996 judgment. The judgment of January 25, 1996, granting Brian's motion for summary judgment is a final judgment and has the same effect as if there had been a trial on the merits. La.C.C.P. art. 968. Cleveland v. Theriot-Modec Enterprises, Inc., 469 So.2d 1215 (La.App. 1st Cir.1985), writ denied, 475 So.2d 360 (1985).