881 So.2d 131 (2004)
Michael W. FRANCO
v.
George P. FRANCO, Jr.
No. 2004-CM-0967.
Court of Appeal of Louisiana, Fourth Circuit.
July 28, 2004.
Order Denying Rehearing September 23, 2004.
*132 Robert G. Harvey, Sr., Jonathan M. Walsh, New Orleans, LA, for Appellant.
Theon A. Wilson, Law Offices of Theon A. Wilson, New Orleans, LA, for Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge MICHAEL E. KIRBY).
JOAN BERNARD ARMSTRONG, Chief Judge.
The defendant-appellee, George P. Franco, Jr., filed a Motion to dismiss Suspensive Appeal for Failure to Post Bond on June 9, 2004 concerning a judgment of the First City Court for the City of New Orleans in the sum of $20,200.00 rendered in his favor and against the plaintiff-appellant, Michael W. Franco, on May 14, 2004. This money judgment in favor of the defendant-appellee dismissed the plaintiff's main demand and the $20,200.00 award was made in response to the appellee's reconventional demand, but the nature of the underlying dispute is not relevant to the resolution of the purely procedural issues now before this Court. For the reasons that follow, the defendant-appellee's motion to dismiss suspensive appeal is denied, but the plaintiff-appellant's appeal is hereby converted to a devolutive appeal.
On May 17, 2004, the plaintiff-appellant, Michael W. Franco, filed a Motion for Suspensive Appeal along with the form of a proposed order that would grant the suspensive appeal and that also requested the trial court to fix the amount of the suspensive appeal bond.
On May 24, 2004 the trial court signed the order of appeal and fixed the bond at $30,300.00[1]. As noted above, the defendant-appellee filed his motion to dismiss the appeal on June 9, 2004. The next day, June 10, 2004, the plaintiff filed a document in affidavit form styled "Personal Surety" in which he bound himself under *133 oath "for payment of any validly rendered judgment upon demand and further waives all notice thereof."
The defendant argues that the plaintiff has failed to post his bond in a timely manner and that the personal surety bond does not qualify as an appeal bond.
The plaintiff counters that while the Order for Suspensive Appeal was entered into the minutes on May 25, 2004, it was never mailed to the plaintiff. The defendant does not dispute this fact. Accordingly, the first notice that the plaintiff had of the fixing of the appeal bond was when he was served with the defendant's motion to dismiss. The defendant does not dispute this either. The plaintiff argues that under LSA-C.C.P. art. 5002 A he has ten days from the time he is served with a copy of the trial court's signed order fixing the amount of his appeal bond. In effect, what the plaintiff argues is that the time for taking his appeal is interrupted by the filing of the motion to fix the amount of the bond until such time as he is served with notice of the fixing of the amount. However, LSA-C.C.P. art. 5002 A says:
An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment when such notice is necessary. [Emphasis added.]
LSA-C.C.P. art. 5002 A makes no reference to service of a motion to fix the amount of the bond. It refers only to service of the notice of judgment. The plaintiff does not contend that his appeal would be timely under a literal reading of LSA-C.C.P. art. 5002 A.
LSA-C.C.P. art. 5001 C regarding appeals from city and parish courts provides:
Appeal shall be on the record and shall be taken in the same manner as an appeal from the district court.
In this manner, LSA-C.C.P. art. 5001 C incorporates by reference LSA-C.C.P. art. 2124 which provides in pertinent part:
A. No security is required for a devolutive appeal.[[2]]
B. The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
(1) When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment [[3]], including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.
(a) However, in all cases, except litigation related to the Tobacco Master Settlement Agreement, or any litigation where the state is a judgment creditor, where the amount of the judgment exceeds one hundred fifty million dollars, the trial court, upon motion and after a hearing, may, in the exercise of its broad discretion, fix the security in an amount sufficient to protect the rights of the judgment creditor while at the same time preserving the favored status of appeals in Louisiana.
(b) The time for taking the suspensive appeal under Article 2123 shall be interrupted for judgments pursuant to Article 2124(B)(1)(a) [Tobacco Master Settlement agreement] until the trial court fixes the amount of the security and commences anew on the date the security is fixed.

*134 (2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required.
(3) In all other cases, the security shall be fixed by the trial court [[4]] at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.
C. Where the party seeking to appeal from a judgment for a sum of money is aggrieved by the amount of the security fixed by the trial court, the party so aggrieved may seek supervisory writs to review the appropriateness of the determination of the trial court in fixing the security. The application for supervisory writ shall be heard by the court of appeal on a priority basis. The time for taking a suspensive appeal under Article 2123 shall be interrupted until the appellate court acts on the supervisory writs to review the determination of the trial court in fixing the security and commences anew on the date the action is taken.
D. For good cause shown, the trial judge in the case of the appeal of a money judgment to be secured by a surety bond [[5]] may fix the amount of the security at an amount not to exceed one hundred fifty percent of the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.
E. A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.
LSA-C.C.P. art. 2124 B(1) indicates that the fixing of the amount of the appeal bond is automatically fixed at the amount of the judgment, plus interest, in cases of money judgments, such as is involved in the instant case. Hence, LSA-C.C.P. art. 2124 B(1) does not contemplate the filing of a motion by the appellant to fix the amount of the bond as was done by the appellant in the instant case as the amount of the bond is fixed by statute at the amount of the judgment plus interest.
LSA-C.C.P. art. 2121 D allows the trial court to increase the amount of the appeal bond where a money judgment is involved up to "one hundred fifty of the amount of the judgment," plus interest, but only for "good cause shown" and only in those instances where a surety bond is to be furnished. This provision contemplates the filing of a motion by the appellee to increase the amount of the bond above the amount of the judgment as provided in LSA-C.C.P. art. 2124 B(1) as only the appellee would present an argument that there was good cause to increase the amount of security under this provision above the amount provided by LSA-C.C.P. art. 2124 B(1). Therefore, LSA-C.C.P. art. 2124 B(1) cannot be said to contemplate the interruption of the time in which an appeal bond is to be filed by the filing of a motion by the appellant to increase the amount of the bond. In other words, this provision was not intended to interrupt the running of the appeal time because the party appealing from an adverse money judgment files a motion to fix the amount of the bond.
*135 There are only two remotely relevant codal provisions that literally refer to the interruption of the time for taking the suspensive appeal until the amount of the bond is fixed, and both refer to appeals from money judgments such as is involved in the instant case. The first is to be found in LSA-C.C.P. art. 2124 B(1)(b), but it is limited in its application to cases where "the amount of the judgment exceeds one hundred fifty million dollars ..." The second is to be found in LSA-C.C.P. art. 2124 C which provides for the interruption of prescription while awaiting a decision on supervisory writs taken by a party seeking to appeal from a money judgment who feels "aggrieved by the amount of the security fixed by the trial court ..." Neither of these provisions regarding the interruption of the time for taking an appeal apply to the instant case.
Thus, nothing in LSA-C.C.P. art. 2124 literally provides for the interruption of the time for taking an appeal under the facts of the instant case. Therefore, if we are to find authority to support the appellant's position herein we must either infer that it exists by implication in paragraphs of LSA-C.C.P. art. 2124 other than "B(1)" or "C" or look for such authority elsewhere in the Code of Civil Procedure or in the jurisprudence.
The appellant cites the case of Blue, Williams & Buckley v. Brian Investments, Ltd., 96-1451 (La.App. 1 Cir. 6/20/97), 706 So.2d 999, in support of its contention that any failure to post the appeal bond on a timely basis is imputable to the trial court because, according to the plaintiff's opposition to the Motion to Dismiss:
Here, Appellant received his Motion for Suspensive Appeal, requesting therein that the trial court fix the amount of his suspensive appeal bond. No opposition was filed and Appellant, pursuant to Articles 1913 and 2121 of the Code of Civil Procedure, was entitled to notice of signing of judgment. Thus, because the trial court below waited until May 25, 2004 to enter its judgment on the minutes and never mailed a copy of its judgment to Appellant, the failure to timely post the bond is imputable to the trial court. See, Blue, Williams, 706 so.2d[So.2d] at 1002. Immediately upon learning that bond had been fixed, Appellant posted the bond. Appellee's Motion to Dismiss must be denied. [Emphasis added.]
However, we note that the Blue, Williams case does not involve a money judgment. The appellant in Blue, Williams was appealing a summary judgment vacating a previous default judgment. As previously noted, bonds for money judgments are fixed by statute whereas bonds in other cases "shall be fixed by the trial court ..." LSA-C.C.P. art. 2124 B(3). The appellant in Blue, Williams could not post a bond until such time as the amount of the bond was fixed by the trial court. However, in the instant case there was no need for the appellant to apply to the trial court for an order fixing the amount of the bond.[6]
While the Blue, Williams case is inapposite regarding the timely filing of the bond in the instant case, it does set forth certain general principles that are of general application:

*136 In a suspensive appeal the appellant must file both the petition for appeal and furnish the security within the delay allowed in La.C.C.P. art. 2123. [Emphasis added.] When the appellant fails to timely furnish the security required for a suspensive appeal, the right vests in the appellee to obtain dismissal of the suspensive appeal and to secure the right to execute on the judgment. However, the suspensive appeal is not invalid merely because the appellant does not furnish security until after the delay has elapsed. The appellant's tardiness in furnishing security merely constitutes an irregularity or defect which, if imputable to the appellant, may form a basis for the appellee to move for dismissal of the suspensive appeal under La.C.C.P. art. 2161. Wright v. Jefferson Roofing, Inc., 93-1217, p. 4 (La.1/14/94); 630 So.2d 773, 775.
Id., p. 5, 706 So.2d at 1002. The opinion that the requirement that both the petition for the appeal and the security be filed within the delay allowed by LSA-C.C.P. art. 2123 is not unique to Blue, Williams. See Wright v. Jefferson Roofing, Inc., 93-1217, (La.1/14/94), 630 So.2d 773, 775 and Parish of Jefferson v. Davis, 97-1200, 97-1201, p. 7 (La.App. 5 Cir. 6/30/98), 716 So.2d 428, 432.
In Wright, supra, the Supreme Court immediately after stating that both the petition for appeal and the security must be furnished within the delay provided by LSA-C.C.P. art. 2123, then goes on to say that:
When the appellant fails to furnish timely the security required for a suspensive appeal, the right vests in the appellee to obtain dismissal of the suspensive appeal and to secure thereby the right to execute on the judgment.
Id.
Other language of general application to be found in Blue, Williams describes when exception should be made to the time limits provided for appealing and the posting of the security therefore:
However, when the motion for appeal has been made timely within the delay period allowed to perfect an appeal and has been continuously pressed, the appeal as ultimately perfected has been held valid despite the tardy filing of the bond, where the failure to perfect it within the delay period results from the erroneous refusal of the trial court to sign an appeal order timely after it has been presented to it, or from the trial court's placing unreasonable conditions upon the exercise of the right to appeal. [Emphasis added.] The fault in the tardy filing is then regarded as imputable to the court system rather than to the appellant. La. C.C.P. art. 2161; Graves v. Kaiser Aluminum & Chemical Corp., 319 So.2d 323, 325 (La.1975) (where the foregoing was applied to a case involving a devolutive appeal), when such an appeal required a bond.
Id. Thus Blue, Williams indicates that a delay may be warranted in those instances where (1) the trial court erroneously refused "to sign an appeal order timely after it has been presented to it", or (2) where the delay resulted "from the trial court's placing unreasonable conditions upon the exercise of the right of appeal." Plaintiff has not demonstrated how the facts of this case fall under either of the exceptions to the time requirements for perfecting an appeal contemplated by Blue, Williams.
The appellant asserts that the appeal delays provided by LSA-C.C.P. art. 5002 have not begun to run as he "has yet to be served with notice of the granting of his Motion for Suspensive Appeal and has yet to be served with the bond amount ..." Among the authorities upon which appellant relies in support of this assertion is *137 that portion of LSA-C.C.P. art. 2121 directing the clerk of court to "mail a notice of appeal to counsel of record of all other[7] parties ..." We note that by employing the "other" the Code clearly expresses the intent that the notice requirement does not apply to the party who has requested the order for appeal.
Furthermore, we find it significant that LSA-C.C.P. art. 2121 requires that the order of appeal "shall provide the amount of security to be furnished, when the law requires the determination thereof by the court."[8] In the instant case, as this was a money judgment as we have already noted earlier, there is no requirement that the amount of security be determined by the court. Therefore, the appellant cannot extend the time in which he may appeal by filing a motion to fix the amount of the bond that is already fixed by law under LSA-C.C.P. art. 2124 B(1).
Hunter v. Honore, 217 So.2d 475 (La.App. 1 Cir.1968) is distinguishable because it involved a devolutive appeal under the pre-1978 version of LSA-C.C.P. art. 2124 which required that security be furnished for a devolutive appeal "fixed by the trial court..." Since 1978 no security has been required for a devolutive appeal. However, we must reiterate that in the instant case the amount of the bond is fixed by law under LSA-C.C.P. art. 2124 B(1). Moreover, the Hunter case shows that the principle upon which the court relied was that the appellant failed "to show any fault on the part of the Clerk of Court ..." Id., 217 So.2d at 477. This is analogous to the two excuses for untimely filing recognized by Blue, Williams, both of which can really be subsumed under the single category. However, as noted above, the LSA-C.C.P. art. 2121 requirement for notice does not apply to the party requesting the order of appeal.
Additionally, we find that, as a matter of law, an appellant may not act as his own surety in meeting the requirement for a suspensive appeal bond, a defect apparent from the face of the bond which, in the words of this Court in Riley v. Stallworth, 97-0075, p. 2 (La.App. 4 Cir. 1/14/97), 687 So.2d 573, 575, under analogous facts "constitutes a fundamental failure to post bond." As this Court recognized in Riley such a failure to post bond does not raise any question of the sufficiency of the bond. Therefore, no contradictory hearing is required in the trial court to test the sufficiency of the bond under LSA-C.C.P. art. 5123:
Where LSAC.C.P. art. 5123 refers to "sufficiency" it was not intended to cover situations in which it is uncontested or apparent from the face of the record that the required bond was not posted in whole or in part. "Sufficiency" was intended to refer more to such situations as those in which the value of the security furnished is disputed. Here there is no dispute that applicant did not furnish the amount required.
For this reason, the language in A & J, Inc. v. Ackel Real Estate, L.L.C., 02-259, p. 10 (La.App. 5 Cir. 10/16/02), 831 So.2d 311, 317, requiring a contradictory hearing to contest the bond amount in the trial court does not apply to the instant case. In Ackel the appellant assigned as error the granting by the trial court of an increase in the bond amount. Ackel would have been relevant had the appellant in the instant case attempted to complain for the first time in this Court that the trial court had improperly fixed the amount of his bond in excess of the amount called for in LSA-C.C.P. art. 2124 B(1). Under such a hypothet the facts in Ackel would be analogous to those of this case on *138 this issue. However, that is not the issue before this Court.
"Suretyship" is defined in LSA-C.C. art. 3035:
Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so.
The document furnished as security in the instant case by the appellant entitled "Personal Surety" does not comply with the LSA-C.C. art. 3035 definition of suretyship because the appellant has bound himself to pay his own obligation, not that of "another." This provides the appellee with a lesser claim against the appellant than he already possessed in the form of his money judgment and, therefore, constitutes no security at all to the appellee. Thus, it gives the appellee no additional security and represents nothing more than a claim against the appellant for the amount already awarded to him by the trial court.
Moreover, we infer from our reading of LSA-C.C.P. arts. 5121-5127 in that section of the Code concerning "Bonds in Judicial Proceedings" that the signature of the party required to post security is not sufficient in itself to constitute security. LSA-C.C.P. art. 5121 refers to cash bonds, 5121.1 refers to bonds secured by immovable property, and 5122 refers to surety bonds and, in fact, is entitled, "Oath of surety and principal on bond" which brings us back to the basic definition of suretyship, i.e., that it is the guarantee of the obligation of another. We infer that the failure to provide for a party to act as his own guarantor is intentional as such a right to collect from a party is already guaranteed by law and the additional personal guarantee would add nothing, and is, in fact, far less than the judicial mortgage afforded by law to recorded judgments. Thus, there is no specific prohibition against one acting as one's own surety on a judicial bond because it is too obvious to need stating.
Our conclusion that the procedure articles concerning judicial bonds do not contemplate allowing an appellant to act as his own surety is reinforced by LSA-C.C.P. art. 5185 B which does not allow a party proceeding in forma pauperis to have "a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefore." [Emphasis added.] Thus, from this we infer that the law contemplates the furnishing of something of greater substance than a mere right to collect from a judgment debtor which the judgment creditor already possesses by law.
The purpose of the requirement of security for a suspensive appeal is to protect the judgment creditor against the insolvency of the judgment debtor during the course of the appeal. Wright v. Jefferson Roofing, Inc., 93-1217, (La.1/14/94), 630 So.2d 773, 775.[9] The undertaking of the judgment debtor to act as surety on his own debt does nothing to protect the judgment creditor against the insolvency of the judgment debtor.
Moreover, we note that the purported surety bond is facially inadequate for the additional reason that it recites that it is security for the amount of the judgment after the time the trial court had already fixed the amount of the bond at a greater amount.
LSA-C.C.P. art. 5002 requires that the appeal from a judgment of the First City Court "may be taken only within ten days from the date of the judgment or from service of notice of judgment, when such a notice is necessary." As the appellant *139 filed his Motion for Suspensive Appeal on May 17, 2004, that is the very latest date from which the appeal time can be calculated (in other words, once he has filed his motion for appeal he thereby waives any objections he might have as to notice of judgment), meaning that his "Personal Surety" filed over twenty days later on June 9, 2004, was filed after more than twice the ten days permitted by the code had elapsed.
Although, we do not subscribe to the appellant's arguments concerning the timeliness of his posting of the bond, we do subscribe to his argument that in consequence his appeal should not be dismissed, but should instead be converted into a devolutive appeal. Touzet v. V.S.M. Seafood Services, Inc., 96-0225, p. 2 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012. In ordinary proceedings, a failure to pay a suspensive appeal bond is not generally considered grounds for dismissal because the appeal is simply converted to a devolutive appeal when the appeal bond is not timely paid. Lakewind East Apartments v. Poree', 629 So.2d 422, 424 (La.App. 4 Cir.1993). We do this because appeals are favored and also because since 1978 LSA-C.C.P. art. 2124 A has eliminated the requirement that any security be furnished in connection with devolutive appeals.
Pan-American Bank & Trust Company v. Ransom, 150 La. 142, 90 So. 548 (1922), does not prevent us from converting the appellant's suspensive appeal to a devolutive appeal as it was decided under the old law requiring that security be posted in connection with a devolutive appeal and is, therefore, inapposite.
Accordingly, appellee's motion to dismiss is denied, but appellant's suspensive appeal is converted to a devolutive appeal.
Our decision in this case is not premature under the language of LSA-C.C.P. art. 2161 requiring that the motion to dismiss "be filed within three days ... of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." This merely established the cut-off for filing a motion to dismiss. It does not say that one filed earlier may not be considered. Wright v. Jefferson Roofing, Inc., 93-1217 (La.1/14/94), 630 So.2d 773, cited by the appellant makes no mention of the premature filing of a motion to dismiss an appeal either in the holding or in dicta. To the contrary, the Supreme Court in Wright ruled that:
When the appellant fails to furnish timely the security required for a suspensive appeal, the right vests in the appellee to obtain dismissal of the suspensive appeal and to secure thereby the right to execute on the judgment.
Id., 630 So.2d at 775. Thus, a motion to dismiss would logically be timely when the right vests in the appellee to obtain the dismissal, which according to the language just quoted from the Supreme Court decision in Wright occurs as soon as the delays for taking the appeal and furnishing security provided for in LSA-C.C.P. arts. 2123 and 5002 have elapsed. There was no finding of prematurity in Wright. Instead, the Court in Wright found that after the three-day period set forth in LSA-C.C.P. art. 2161 has elapsed, it is too late to challenge the appeal bond:
Here, the surety's filing of the supplemental bond was untimely, giving rise to plaintiffs' right to obtain dismissal of the suspensive appeal. But when plaintiffs did not exercise this right within Article 2161's three-day period, the appeal was no longer subject to dismissal, and the surety remained bound on supplemental bond.
Id., 630 So.2d at 776.
Our reading of Wright merely serves to reinforce this Court's action in this case.
Finally, we note that there is no reference in Hale Farms v. American Cyanamid, *140 580 So.2d 684, to LSA-C.C.P. art. 2161. Hale Farms does not support the plaintiff's contention that the appellee's motion to dismiss is premature in this case. If we were to adopt the plaintiff's prematurity argument, it would effectively give the plaintiff the benefit of a suspensive appeal for an extended period of time based on a bond that is no bond at all.
For the foregoing reasons, the motion to dismiss appeal of the defendant-appellee, George P. Franco, Jr., is denied, but the appeal of the plaintiff-appellant is hereby converted into a devolutive appeal.
DENIED.

ORDER
IT IS HEREBY ORDERED THAT the application for rehearing of the plaintiff/appellant, Michael W. Franco, be denied.
IT IS FURTHER ORDERED THAT the exception of prescription filed by the plaintiff/appellant in connection with the aforementioned application for rehearing be referred for consideration with the appeal on the merits at which time the parties may present oral argument on the exception if, and only if, oral argument is scheduled for the appeal on the merits.
IT IS FURTHER ORDERED THAT the defendant/appellee has 30 days from the date of this order in which to file an opposition to the exception.
/s/ Joan Bernard Armstrong Chief Judge, Court of Appeals of Louisiana
/s/ Patricia Rivet Murray Judge, Court of Appeals of Louisiana
/s/ Michael E. Kirby Judge, Court of Appeals of Louisiana
NOTES
[1] Neither party alludes to how the trial judge arrived at this figure or what her authority was for doing so. However, neither party raises this as an issue in this case.
[2] Emphasis added.
[3] Emphasis added.
[4] Emphasis added.
[5] Emphasis added.
[6] While it appears that the $30,300.00 bond amount fixed by the trial court may exceed the amount called for in LSA-C.C.P. art. 2124 B(1) based on the judgment amount of $20,200.00, the appellant in this case has not asked for supervisory writs to this Court asking us to review the appropriateness of the bond amount pursuant to LSA-C.C.P. art. 2124 C which would have interrupted the time for taking the appeal.
[7] Emphasis added.
[8] Emphasis added.
[9] Cited by the appellant on another issue discussed earlier in this opinion.