NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 15-166

RAY MORROW, SR.

VERSUS

ANGEL CARE AGENCIES, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-4264
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Judges Elizabeth A. Pickett, Billy H. Ezell, and Phyllis M. Keaty.

MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.
DEVOLUTIVE APPEAL MAINTAINED.
REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED.

Richard Dale Moreno
Attorney at Law
125 W. School Street
Lake Charles, LA 70601
(337) 433-9535
COUNSEL FOR DEFENDANT/APPELLANT:
        Brady Alfred

**Robert Julius Williams**
**Attorney at Law**
**4830 Lake St.**
**Lake Charles, LA 70605**
**(337) 562-1116**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ray Morrow, Sr.**

**EZELL, Judge.**

Plaintiff, Ray Morrow, Sr. (Morrow), filed a motion to dismiss the suspensive appeal granted to defendant, Brady Alfred (Alfred), due to Alfred's failure to post bond, but moves to allow the matter to continue as a devolutive appeal. *See Franco v. Franco*, 04-967 (La.App. 4 Cir. 7/28/04), 881 So.2d 131. Morrow also seeks reasonable attorney fees based upon the alleged frivolous nature of the appeal. For the reasons that follow, we hereby grant Morrow's motion to dismiss Alfred's suspensive appeal and maintained the appeal as devolutive. We deny Morrow's request for frivolous appeal damages.

Pursuant to La.Code Civ.P. art. 2123(A), a suspensive appeal may be taken "and the security therefor furnished" within thirty days of the expiration of the delay for applying for new trial or judgment notwithstanding the verdict. Additionally, La.Code Civ.P. art. 2124(B)(1) indicates that when a judgment is for a sum of money, the security required to appeal suspensively is equal to the amount of the judgment. Lastly, the time for taking a suspensive appeal under Article 2123 is "interrupted for judgments pursuant to Article 2124(B)(1)(a) until the trial court fixes the amount of the security and commences anew on the date the security is fixed. La.Code Civ.P. art. 2124(B)(1)(b).

In the instant case, a money judgment in the amount of $397,577.00, plus legal interest and all costs, was entered against Alfred on June 30, 2014, in the Fourteenth Judicial District Court in this matter. The judgment was signed and notice of judgment was mailed on June 26, 2014. On July 18, 2014, Alfred filed a motion for new trial or, alternatively, for nullity of judgment. Following a hearing held on November 20, 2014, Alfred's motion was denied. Notice of judgment was mailed to the parties on December 3, 2014.

Alfred applied for supervisory writs on December 11, 2014, seeking review of the trial court denial of his motion to nullify the judgment. In his application filed in this court, Alfred requested expedited consideration because the delay for taking a suspensive appeal of the underlying money judgment would expire on January 2, 2014. Alfred expressed his concern about having to pay more than $300,000.00 to cover the appeal bond for suspensively appealing a judgment which he maintained was absolutely null. Finding no error in the trial court's ruling, the writ was denied.

On January 5, 2015, Alfred filed a motion to set security for a suspensive appeal pursuant to La.Code Civ.P. art. 2124(1)(a).[1] Alfred subsequently filed a motion and order for a suspensive appeal of the money judgment which was signed by the trial court on February 9, 2015, and states that "as provided by law upon BRADY ALFRED (ALFRED) furnishing security in a form allowed by law and in the amount of $397,577.00," the amount of the judgment.[2] Alfred has not furnished security to date.

In *Franco*, 881 So.2d 131, the court found that there was no requirement that the trial court determine the amount of security when a money judgment is involved; thus, "the appellant cannot extend the time in which he may appeal by filing a motion to fix the amount of the bond that is already fixed by law under

[1] Alfred asserts in his motion and order for a suspensive appeal that on January 2, 2015, he filed a motion pursuant to Article 2124(1)(a) for the trial court to determine the security for the purpose of a suspensive appeal. This court notes, however, that the date stamp on the petition is January 5, 2015.

[2] There is no date on the motion and order for suspensive appeal. However, the order granting the appeal indicates that it was filed on January 30, 2015, by the deputy clerk of court. The order is also date stamped February 6, 2015; thus, there are three different dates on the order. Morrow has not raised the issue of timeliness of this motion as supporting a devolutive appeal, and this court pretermits consideration of this issue.

La.Code Civ.P. art. 2124(B)(1). Accordingly, we find that Alfred's motion to set security for a suspensive appeal did not interrupt the time in which to file a suspensive appeal. Since the time for filing and posting bond for a suspensive appeal has elapsed, we hereby dismiss Alfred's suspensive appeal and maintain the appeal as devolutive.

With regard to Morrow's request for damages for a frivolous appeal in the form of attorney's fees, the appeal has not yet been lodged; thus, we do not yet have the record before us upon which to make such a decision. Accordingly, we deny Morrow's request for attorney's fees.

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**
**REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.